# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANSELMO GALARZO, SIDRONIO          )
GALARZO, NOE GALARZO,              )
ATANAZIO GALARZO, NICOLES DE )
LA PAZ, VICTOR DE LA PAZ,          )
ESTEBAN ARIAS, BALDEMAL            )          Civil Action Number:
GUTIERREZ, ANDRES TOLEDO,          )
DANIEL SANCHEZ, ROBERTO            )          FLSA Action
SANCHEZ, JOVANY SANTIAGO,          )          Jury Trial Demanded
JORGE ALEMAN, JUAN CHAVEZ,         )
HERMILO AGUIRRE-MENDOZA,           )
ISMAEL GALAVAN, NICANDRO           )
RIOS, ANICETO TOLEDO, and JAIME)
MEJIA,                             )
                                   )
      Plaintiffs,               )
v.                                 )
                                   )
MULKEY ENTERPRISES, INC., a        )
Georgia Corporation; HARO          )
CONSTRUCTION COMPANY, INC.,        )
an Administratively Dissolved Georgia )
Corporation                        )
,                                  )
                                   )
      Defendants.               )

## <u>COMPLAINT</u>

COME NOW Plaintiffs Anselmo Galarzo, Sidronio Galarzo, Noe Galarzo,

Antanazio Galarzo, Nicoles De La Paz, Victor De La Paz, Esteban Arias, Baldemal

Gutierrez, Andres Toledo, Daniel Sanchez, Roberto Sanchez, Jovany Santiago,

Jorge Aleman, Juan Chavez, Hermilo Aguirre-Mendoza, Ismael Galavan, Nicandro Rios, Aniceto Toledo, and Jamie Mejia (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendants Mulkey Enterprises, Inc. ("Defendant Mulkey") and Haro Construction, Inc. ("Defendant Haro") (collectively "Defendants") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

## INTRODUCTION

1.     The instant action arises from Defendants' violations of Plaintiffs' rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs of their lawful overtime wages.

2.     This action is brought to recover unpaid overtime compensation owed to Plaintiffs, pursuant to the FLSA.

3.     Prior to and during the period relevant to this Complaint, and up until on or about June, 2010, Plaintiffs were employed by Defendants working as sheetrock and metal framing installers on various construction projects of Defendants in the Metro Atlanta area.

4.     During the period relevant to this Complaint, Plaintiffs were employed by Defendants to work on Defendants' construction projects including those at the Viewpoint Condominiums, 855 Peachtree Street Northeast, Atlanta, Georgia 30308   ("Mulkey's Viewpoint Project"), Children's at Scottish Rite Hospital, 1001 Johnson Ferry Road NE, Atlanta, Georgia 30342 ("Mulkey's Scottish Rite Project"), and 1075 Peachtree Street ("Mulkey's 1075 Project") (collectively "Mulkey's Projects").

5.     During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint, Defendants committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

6.     Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8.     Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

**PARTIES**

9.     Plaintiff Anselmo Galarzo resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Anselmo Galarzo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

10.     Plaintiff Sidronio Galarzo resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Sidronio Galarzo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or

about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

11.     Plaintiff Noe Galarzo resides in Austell, Georgia (within this District). Upon information and belief, Plaintiff Noe Galarzo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

12.     Plaintiff Antanazio Galarzo resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Antanazio Galarzo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

13.     Plaintiff Nicoles De La Paz resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Nicoles De La Paz was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint

Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

14.    Plaintiff Victor De La Paz resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Victor De La Paz was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

15.    Plaintiff Esteban Arias resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Esteban Arias was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

16.    Plaintiff Baldemal Gutierrez resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Baldemal Gutierrez was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

17.    Plaintiff Andres Toledo resides in Marietta, Georgia (within this District).  Upon information and belief, Plaintiff Andres Toledo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

18.    Plaintiff Daniel Sanchez resides in Smyrna, Georgia (within this District).  Upon information and belief, Plaintiff Daniel Sanchez was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or

about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

19.     Plaintiff Roberto Sanchez resides in Smyrna, Georgia (within this District).  Upon information and belief, Plaintiff Roberto Sanchez was employed by Defendants as a sheetrock and metal framing installer at Mulkey's  Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

20.     Plaintiff Jovany Santiago resides in Smyrna, Georgia (within this District).  Upon information and belief, Plaintiff Jovany Santiago was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

21.     Plaintiff Jorge Aleman resides in Marietta, Georgia (within this District).  Upon information and belief, Plaintiff Jorge Aleman was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint

8

Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

22.     Plaintiff Juan Chavez resides in Smyrna, Georgia (within this District).   Upon information and belief, Plaintiff Juan Chavez was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

23.     Plaintiff Hermilo Aguirre-Mendoza resides in Marietta, Georgia (within this District).   Upon information and belief, Plaintiff Hermilo Aguirre-Mendoza was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

24.   Plaintiff Ismael Galavan resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Ismael Galavan was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

25.   Plaintiff Nicandro Rios resides in Austell, Georgia (within this District).  Upon information and belief, Plaintiff Nicandro Rios was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

26.   Plaintiff Aniceto Toledo resides in Marietta, Georgia (within this District).  Upon information and belief, Plaintiff Aniceto Toledo was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or

about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

27.   Plaintiff Jaime Mejia resides in Marietta, Georgia (within this District).   Upon information and belief, Plaintiff Jaime Mejia was employed by Defendants as a sheetrock and metal framing installer at Mulkey's Viewpoint Project from before the relevant period of this Complaint until on or about March, 2009, at Mulkey's Scottish Rite Project from on or about April, 2009 until on or about May, 2009, and at Mulkey's 1075 Project from on or about June, 2009 until on or about June 2010.

28.   At all times material to this action, Plaintiffs were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.   These same individuals are further covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

29.   Defendant Haro was a corporation formed under the laws of the State of Georgia, but according to the Georgia Secretary of State website at http://corp.sos.state.ga.us/corp/soskb/Corp.asp?36221, Defendant Haro was dissolved on 7/9/2005.

30.     Defendant Mulkey is a corporation formed under the laws of the State of Georgia and provides interior and exterior construction services in the state of Georgia and in the Southeast.

31.     Defendants conduct(ed) business within this State and District.

32.     Upon information and belief, Defendant Haro's main role with regards to the employment of Plaintiffs was to provide payroll services.

33.     Defendant Mulkey maintained either actual or constructive control, oversight and direction of Plaintiffs' employment at Mulkey's Projects, including the employment and pay and other practices of Plaintiffs at those those projects.

34.     Defendant Haro is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its CEO, Arturo Haro, 391 West Pine Chapel Road, Calhoun, Georgia 30701.

35.     Defendant Mulkey is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Chamberlain, Hrdlicka, White, Williams & Martin, P.C., 191 Peachtree Street, NE, Atlanta, Georgia 30303.

36.     Upon information and belief, at all times material to this action, Defendant Haro was an enterprise engaged in commerce or in the production of

goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

37.    At all times material to this action, Defendant Mulkey was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

38.    At all times material to this action, Defendant Mulkey was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

39.    The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

**FACTUAL ALLEGATIONS**

40.    Upon information and belief, Defendants employed Plaintiffs, at Mulkey's Projects at all times relevant to this Complaint.

41.    Plaintiffs' duties included installing metal framing and sheetrock at Mulkey's Projects.

42.    At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

43.     At all times relevant to this action, Plaintiffs were at times required to work in excess of forty (40) hours a week.

44.     Upon information and belief, Defendants paid Plaintiffs overtime pay on a basis of one and one-half times the regular rate at which they were employed, at which by law they were required, for time worked in excess of 40 hours per week for all work performed on Mulkey's Scottish Rite Project.

45.     At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiffs for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate at which they were employed, at which they were by law required, for work performed on Mulkey's Viewpoint Project and on Mulkey's 1075 Project.

46.     Defendant Mulkey through its employed supervisors such as Ronald Trucks (hereinafter "Defendant Mulkey's Supervisors"), directly individually, or through intermediaries other than Defendant Haro, recruited and hired Plaintiffs as employees for its Mulkey Viewpoint Project and its Mulkey 1075 Project.

47.     Defendant Mulkey's Supervisors determined the number of employees including Plaintiffs needed each day for its Mulkey Viewpoint Project and its Mulkey 1075 Project.

48.     Defendant Mulkey's Supervisors controlled the work schedules of Plaintiffs.

49.     Defendant Mulkey's Supervisors determined Plaintiffs' work start time for each day for its Mulkey Viewpoint Project and its Mulkey 1075 Project.

50.     Defendant Mulkey's Supervisors determined Plaintiffs' work end time for each day for its Mulkey Viewpoint Project and its Mulkey 1075 Project.

51.     Defendant Mulkey's Supervisors met each work morning, at the start of work, with all Plaintiffs present that day to communicate its orders for that day.

52.     Defendant Mulkey's Supervisors determined specific tasks that were to be performed each day and by whom and communicated this information at its above mentioned morning meeting with Plaintiffs.

53.     Defendant Mulkey's Supervisors monitored Plaintiffs' work on a daily basis.

54.     Plaintiffs communicated with Defendant Mulkey's Supervisors on a daily basis to ensure they were satisfied with the work.

55.     At times, Defendant Mulkey's Supervisors pointed to the project construction plans while communicating to Plaintiffs what work was to be done.

56.     At times, Defendant Mulkey's Supervisors drew diagrams and showed same to Plaintiffs as necessary to communicate how work was to be done

57.     Defendant Mulkey's Supervisors routinely inspected work being done by Plaintiffs, and if not satisfied would order it to be re-done and even terminated employees' employment on the spot if unsatisfied with work being performed

58.     Defendant Mulkey's Supervisors supervised the work being done on a daily basis.

59.     Defendant Haro provided no on-site supervision of work in progress or completed.

60.     Defendant Mulkey's Supervisors told individual Plaintiffs that they would not get paid overtime pay for overtime work done on the Mulkey Viewpoint Project and the Mulkey 1075 Project

61.     Upon information and belief, Defendant Mulkey determined the hourly wage that would be paid to Plaintiffs.

62.     Defendant Mulkey kept records of how many hours were worked each week by each Plaintiff.

63.     On Saturdays, Defendant Mulkey gave the weekly totals of hours worked by each Plaintiff to Plaintiff Anselmo Galarzo to forward to Defendant Haro to process payroll checks.

64.     On Sundays or Mondays, Plaintiff Anselmo Galarzo would fax Defendant Mulkey's records to Defendant Haro.  The following Fridays, Arturo

Haro, CEO of Defendant Haro, would appear at the job site and give Plaintiff Anselmo Galarzo paychecks for the previous week to be distributed to Plaintiffs. Plaintiff Anselmo Galarzo would then distribute the paychecks to Plaintiffs.

65.   Upon information and belief, the only time Defendant Haro through its CEO Arturo Haro appeared at the job site was on Fridays for a brief period of time to deliver the checks to Plaintiff Anselmo Galarzo.

66.   Defendant Mulkey provided the work site for Plaintiffs to work.

67.   Defendant Mulkey provided all supplies to Plaintiffs to complete the work.

68.   Work accomplished was a "line-job" integral to the business of Defendant Mulkey.

69.   Upon information and belief, Defendant Mulkey had the power to unilaterally terminat employees and did, in fact, unilaterally terminate employees' from its Mulkey Viewpoint Project and its Mulkey 1075 Project.

70.   At the end of each work day as scheduled by Mulkey, if certain work areas were not completed, Defendant Mulkey Supervisors at times told some Plaintiffs to go back and finish the work.

71.   Defendants maintained records concerning the number of hours actually worked by Plaintiffs, and the compensation actually paid to Plaintiffs at all

times relevant to this complaint for work performed on Mulkey's Viewpoint Project and on Mulkey's 1075 Project.

72.    Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs at all times relevant to this Complaint for work performed on Mulkey's Viewpoint Project and on Mulkey's 1075 Project.

73.    Defendants failed to meet the requirements for paying Plaintiffs at all times relevant to this Complaint for work performed on Mulkey's Viewpoint Project and on Mulkey's 1075 Project at a rate not less than one and one-half times the regular rate at which they were employed, at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

74.    Defendants are liable to the Plaintiffs for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate at which they were employed, at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

75.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

76.     As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

77.     Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. § 216(b), the Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

78.     Plaintiffs demand a jury trial.

## COUNT I

79.     Plaintiffs repeat and incorporate by reference paragraphs 1-78 herein.

80.     By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

81.     Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation at a rate not less than one and one-half times the regular rate at which Plaintiffs were employed, and at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

82.    As a result of Defendants' violations of the FLSA, Plaintiffs, have suffered damages by failing to receive an overtime rate of not less than one and one-half times the regular rate at which Plaintiffs were employed in accordance with §§ 203 and 207 of the FLSA.

83.    Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs.

84.    As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which Plaintiffs were employed in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.    That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B.    That all Plaintiffs be awarded reasonable attorneys' fees;

C.   That all Plaintiffs be awarded the costs and expenses of this action; and

D.   That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 30th day of March, 2011.

MARTIN & MARTIN, LLP

By:   _/s/ Kimberly N. Martin__
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax